IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | | |
|---|---|---|
| LAURA COX, | ) | |
| | ) | Civil Action No. 1:12 CV 236-MPM-DH |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FACTORY CONNECTION, LLC., | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff, by and through her attorney, for her Complaint allege, upon knowledge as to himself and otherwise upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1. This action is also brought pursuant to 42 U.S.C. § 2000 et seq., Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, for unlawful race discrimination, as well as unlawful retaliation suffered for reporting discriminatory activity. This action is also brought pursuant to 42 U.S.C. § 1981.

2. This is an action to recover actual, nominal, compensatory, emotional, and punitive damages for race discrimination. Additionally, Plaintiff seeks actual, nominal, emotional, and punitive damages because of the retaliatory action taken against her after she complained of the discriminatory treatment suffered at the workplace.

3. The relief Plaintiff seeks is supported by satisfactory proofs, including the public records, facts and other documentation referenced throughout the Complaint.

4. Aside from the damages stated in Paragraph 2, Plaintiff seeks the costs of litigation, including reasonable attorney's fees.

1

## II. JURISDICTION

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(3)(4), which confers original jurisdiction on federal district courts to redress the deprivation of rights, privileges and immunities as stated herein. It also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## III. VENUE

6. Venue is proper in the United States District Court for the Northern District of Mississippi, Eastern Division, pursuant to 28 U.S.C. § 1391(b), because the claims arise in Tippah County, Mississippi.

## IV. IDENTIFICATION OF PLAINTIFF

7. Plaintiff, LAURA COX, is an adult resident citizen of Ripley, Mississippi.

8. Plaintiff is a black female and a former employee of a Factory Connection, LLC., located at 1010 City Avenue North #B, Ripley, Mississippi 38663.

## V. IDENTIFICATION OF DEFENDANT

9. Defendant, FACTORY CONNECTION, LLC., is a Delaware corporation doing business in Mississippi at 1010 City Avenue North #B, Ripley, Mississippi 38663. It may be served with process upon its registered agent, CORPORATION SERVICE COMPANY, located at 506 South President Street, Jackson, Mississippi 39201.

10. Defendant's principal office address is 701 Railroad Avenue, Albertville, Alabama, 35951.

11. Defendant is an employer within the meaning and scope of Title VII.

## VI. STATEMENT OF FACTS

12. Plaintiff filed a charge with the Equal Employment Opportunity Commission (hereinafter "EEOC"), attached hereto as Exhibit "A," on August 19, 2010, related to her race and retaliation claims, and a perfected charge was filed on September 6, 2010, attached hereto as Exhibit "B." Plaintiff has received the right to sue letter, dated September 28, 2012, attached hereto as Exhibit "C."

13. Plaintiff's complaint is timely filed in this court as ninety (90) days has not passed since the receipt of her right to sue letter.

14. Plaintiff worked for Defendant for fifteen (15) years.

15. Plaintiff was first employed as an assistant manager and was promoted to store manager; the position she held when she was unlawfully terminated.

16. Plaintiff had a number of responsibilities that included, but were not limited to: supervising employees, opening/closing the store and merchandising.

17. For over a decade Plaintiff performed her job without incident. This changed, however, when Carolyn Reeves, a white, was hired as an assistant manager during the summer of 2009. It was at this time Ms. Reeves and Factory Connections' two white District Managers – Sherri Higden and Rhonda West – began harassing Plaintiff and subjecting her to discriminatory treatment.

18. Ms. Reeves had an issue with Plaintiff's race and had trouble working under a black supervisor. Evidence of how Ms. Reeves' racial animosity impacted the workplace includes, but is not limited to, the following: (i) Ms. Reeves never followed Plaintiff's orders (despite the fact Plaintiff was her direct supervisor), (ii) Ms. Reeves routinely disrespected Plaintiff, (iii) Ms. Reeves never followed the chain of command in an order to avoid Plaintiff and (iii) Ms. Reeves made multiple, erroneous, comments that Plaintiff favored black workers.

19. Moreover, instead of bringing her complaints to Plaintiff – her supervisor – Ms. Reeves would bring her complaints to the white district managers.

20. Neither of the two white district managers ever corrected Ms. Reeves' blatant insubordination and unwillingness to use the chain of command. Because Ms. Reeves was able to circumvent Plaintiff's authority, Ms. Reeves began acting as if Plaintiff was not her supervisor.

21. Plaintiff complained that the two white district managers were undermining her with Ms. Reeves and that black employees, including Plaintiff, were not being treated fairly.

22. Defendant's HR department never acted on Plaintiff's complaints.

23. At this point Ms. Reeves refused to follow the work schedule created by Plaintiff and started making her own work schedule. Plaintiff told Ms. Reeves that such behavior was not acceptable and she must follow the schedule Plaintiff created.

24. Rather than support Plaintiff's supervisory decisions concerning Ms. Reeves' work schedule, the white district managers sided with Ms. Reeves and permitted her to work a schedule of her own creation. Not only was this insubordination, but it violated Defendant's rules concerning the chain of command and the role of a supervisor.

25. Furthermore, black employees, including Plaintiff, were not treated the same way and were forced to keep a schedule.

26. Plaintiff routinely complained about this favoritism, but the white district managers never acted on her complaints.

27. Plaintiff further complained that at least two black workers under her supervision were not treated the same as white employees by the district managers. This complaint was also ignored.

28. On or about August 17, 2011, Defendant terminated Plaintiff's employment.

4

29. Defendant stated that Plaintiff was terminated due to substandard work performance, the store door being unlocked and a cash and merchandise policy violation. These three reasons were the only reasons given to Plaintiff and are false.

30. Plaintiff never had substandard work and over her fifteen (15) years at Factory Connection she won numerous awards and honors. It was only after the arrival of Ms. Reeves, coupled with Ms. Reeves receiving support for the two white district managers, that work obstacles were placed in front of Plaintiff. Even with these obstacles, however, Plaintiff's work performance never suffered.

31. The allegations concerning the cash policy violation and the door are not true. It was Ms. Reeves who made these unsubstantiated claims and the white district managers took her at her word without even conducting a thorough investigation. Such an investigation would have shown Plaintiff did not commit any such acts.

### VII. ALLEGATIONS OF LAW

32. At all times relevant, Plaintiff was a member of the African-American race.

33. At all time relevant, Plaintiff made complaints about activities protected under the applicable anti-discrimination statutes.

34. At all times relevant, Plaintiff was qualified for the position of store manager.

35. At all times relevant, Plaintiff suffered an adverse employment action when she was terminated by Defendant on or about August 17, 2011.

36. At all time relevant, Plaintiff was (i) replaced by someone outside the protected class of race, (ii) treated differently than a person similarly situated outside the protected class and/or (iii) otherwise discharged because of her race.

37. At all times relevant, Plaintiff engaged in protected activity when she notified Defendant of multiple complaints that black employees, including herself, were treated less favorably than white employees.

38. At all times relevant, there was a causal link between Plaintiff's protected activity and her termination.

39. Defendant's non-discriminatory/retaliatory reason termination is Plaintiff was terminated due to substandard work performance, a store door being unlocked and violation of the cash and merchandise policy.

40. At all times relevant, Plaintiff would not have been discharged by Defendant but for her race.

41. At all times relevant, Plaintiff would not have been discharged by Defendant but for her complaints about protected activity.

42. At all times relevant, Defendant's decision to terminate Plaintiff was substantially motivated by her race.

43. At all times relevant, Defendant's decision to terminate Plaintiff was substantially motivated by her decision to engaged in protected activities.

44. As a result of Defendant's actions, Plaintiff was unlawfully terminated because of her race.

45. As a result of Defendant's actions, Plaintiff was unlawfully terminated because she complained about Defendant's discriminatory practices regarding race.

46. The actions of the Defendant are outrageous such that punitive damages are due.

47. Plaintiff has suffered substantial mental anxiety and stress to the extent emotional damages are due.

### VIII.   FIRST CAUSE OF ACTION – 42 U.S.C. § 2000 et seq.
### (Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 - Race)

48.   Paragraphs 1 – 47 of the Complaint are incorporated herein by reference, the same as though pleaded in full.

49.   The unlawful actions of Defendant, as alleged herein, constituted an unlawful discharged based on race.

50.   As a direct and proximate cause of Defendant's actions, Plaintiff's rights, as guaranteed by Title VII, were injured.

WHEREFORE Plaintiff prays for relief against Defendant as set forth below.

### IX.   SECOND CAUSE OF ACTION – 42 U.S.C. § 2000 et seq.
### (Title VII of the Civil Rights Act of 1964,
### as amended by the Civil Rights Act of 1991 - Retaliation)

51.   Paragraphs 1 - 50 of the Complaint are incorporated herein by reference, the same as being plead in full.

52.   The unlawful actions of the Defendant, as alleged herein, constituted retaliation against Plaintiff for engaging in protected activity.

53.   As a direct and proximate cause of Defendant's actions, Plaintiff's rights, as guaranteed by Title VII, were injured.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

### X.   THIRD CAUSE OF ACTION – 42 U.S.C. § 1981
### (Equal Benefits Under the Law)

54.   Paragraphs 1 – 53 of the Complaint are incorporated herein by reference, the same as though pleaded in full.

55.   The actions of Defendant, as alleged herein, discriminated against Plaintiff because of her race.

7

56. Preferential treatment given to the white employees referenced in this complaint violated 42 U.S.C. § 1981's guarantee of equal benefits under the law.

57. Preferential treatment given to the white employees referenced in this complaint violated 42 U.S.C. § 1981's contract clause.

58. Defendant is guilty of deliberate indifference to the protection Plaintiff's equal protection rights.

59. Defendant's deliberate indifference was the proximate cause of Plaintiff's injuries.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this Court:

a. Assume jurisdiction over this action;

b. Declare that Defendant's actions, as herein described, violated Plaintiff's rights under Title VII;

c. Declare that Defendant's actions, as herein described, violated Plaintiff's rights under 42 U.S.C. § 1981;

d. Award Plaintiff nominal, actual, compensatory, emotional and punitive damages against Defendant for its discriminatory and retaliatory actions, as defined by Title VII and 42 U.S.C. § 1981;

e. Award Plaintiff his costs of litigation, including reasonable attorney's fees and expenses, pursuant to 42 U.S.C. sec. 1988 and/or 20 U.S.C. sec. 1400 et seq.,

f. Grant such other relief to which Plaintiff may be entitled or as this Court deems necessary and proper.

Respectfully submitted,

Joseph R. Murray, II
MS Bar #101802
Murray Law Firm, PLLC.
104 South Commerce Street
Ripley, MS 38663
(662) 993-8010 (telephone)

 

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; see Privacy Act Statement on reverse before completing this form. | ☒ FEPA ☒ EEOC | 490-2011-02466 |

_____ and EEOC
(State or Local Agency, If Any)

NAME (Indicate Mr., Ms., or Mrs.) | HOME TELEPHONE NUMBER (include Area Code)
Laura M. Cox | 662-401-9229

STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH
401^A S. Main St | Ripley MS 38663 | 11-8-69

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below).

NAME | NO. OF EMPLOYEES/MEMBERS | TELEPHONE NUMBER (include Area Code)
Factory Connection, LLC | 250+ | 662-837-8849

STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY
1010 City Ave N. #B | Ripley, MS 38663 | Tippah

NAME | NO. OF EMPLOYEES/MEMBERS | TELEPHONE NUMBER (include Area Code)

STREET ADDRESS | CITY, STATE AND ZIP CODE

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))
☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST: 2009 LATEST: 8/17/2011
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s))

Please see attached.

[EEOC RECEIVED AUG 19 2010 MEMPHIS, TENN. stamp]

**EXHIBIT A**

I want this charge filed with the EEOC and the State FEPA. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – (When necessary to meet State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Laura M Cox

Date 8-18-2011 Charging Party (Signature)

SIGNATURE OF COMPLAINANT
Laura M Cox

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE:
(Month, day and year)
Janet June

[Notary seal: JANET TURNER, STATE OF MISSISSIPPI, NOTARY PUBLIC, ID # 97336, Commission Expires Oct. 20, 2014, TIPPAH COUNTY]

THIS FORM PROVIDED FREE OF CHARGE BY WWW.EEOCOFFICE.COM

Laura Cox vs. Factory Connection LLC
Charge No. 490-2011-02466

 

To:       Equal Employment Opportunity Commission
From:    Laura M. Cox
Date:     August 18, 2011
Re:       Charge of Discrimination

On August 17, 2011, I was unlawfully terminated from Factory Connection, LCC, a chain clothing store, located in Ripley, Mississippi. I believe that this termination was the direct result of race discrimination. I also believe I was terminated because I complained about race issues, such as my white assistant never following my directions and preferential treatment white employees received over black employees.

Prior to my unlawful termination, I worked for Factory Connection for fifteen (15) years. I was first employed as an assistant manager and was promoted to store manager; the position I held when I was unlawfully terminated. I had a number of responsibilities that included, but were not limited to: supervising employees, opening/closing the store and merchandising. For over a decade I performed my job without incident. This changed, however, when Carolyn Reeves, a white, was hired as an assistant manager in 2009. It was at this time Ms. Reeves and Factory Connections' two white District Managers – Sherri Higden and Rhonda West – began harassing me and discriminating against me.

Ms. Reeves had an issue with me being black, as well as her supervisor. Some of the evidence supporting this includes, but is not limited to: Ms. Reeves never followed my orders (despite the fact I was her direct supervisor), she routinely disrespected me and she never followed the chain of command. Instead of bringing her complaints to me – her supervisor – she would bring her complaints to the white district managers.

Ironically, Ms. Reeves never followed my instructions and thought she could work any schedule she wanted. I told her this was not acceptable and she must follow a schedule. Rather than support me, the white district managers sided with Ms. Reeves and permitted her to do what she wanted. Furthermore, black employees were not treated the same way and were forced to keep a schedule. I routinely complained about this favoritism, but the white district managers never acted on my complaints.

I was informed I was terminated because of substandard work performance, the door being unlocked and violation of the cash and merchandise policy. These three reasons were the only reasons given to me and are false. I never had substandard work and over my fifteen (15) years at Factory Connection I won awards and honors. The allegation of the cash policy violation and the door are not true. Rather it was Ms. Reeves who made these unsubstantiated claims about the cash violation and the door unlocked.

By terminating me I believe Factory Connection discriminated against me because of my race. I am black. I also believe they retaliated against me because I complained about the racial favoritism among whites at the Factory Connection.

Laura Cox vs. Factory Connection LLC
Charge No. 490-2011-02466

000015

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[ ] FEPA<br>[X] EEOC | Agency(ies) Charge No(s):<br>490-2011-02466 |
|---|---|---|

_____ and EEOC
State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.)<br>Ms. Laura Cox | Home Phone (Incl. Area Code)<br>(662) 401-9229 | Date of Birth<br>11-08-1969 |
|---|---|---|

Street Address: 401a S Main Street,    City, State and ZIP Code: Ripley, MS 38663

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>FACTORY CONNECTION LLC | No. Employees, Members<br>201 - 500 | Phone No. (Include Area Code)<br>(662) 837-8849 |
|---|---|---|

Street Address: 1010 B City Ave N., P.O. Box 407,   City, State and ZIP Code: Ripley, MS 38663

| DISCRIMINATION BASED ON (Check appropriate box(es).)<br>[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN<br>[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION<br>[ ] OTHER (Specify) | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest: 08-03-2009   Latest: 08-17-2011<br>[ ] CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**Perfected Charge Original filed August 19, 2011**

In the end of 1997 or beginning of 1998, I began working for the company as an Assistant Manager. On August 17, 2011, I was terminated from the position of Manager with the company.

On July 27, 2009, I made an internal complaint to Human Resources Director, Joanna Lusk, in reference to racial discrimination in the workplace. Since that time, I have been harassed, and later terminated by my supervisors, District Managers, Sherri Higden, and Rhonda West.

On August 17, 2011, I was accused of being in violation of the cash and merchandise policy. My Assistant Manager, Carolyn Reeves, who I filed the internal complaint against, brought the allegations forward. District Managers, Sherri Higden, and Rhonda West, who were referenced in the internal complaint as conspirators, terminated me.

I believe that I have been discriminated against because of my race (Black) and in retaliation for complaining internally about practices I believed to be unlawful, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

8-29-11  /s/ Laura M Cox
Date    Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

[Stamp: RECEIVED SEP 06 2011 EQUAL EMPLOYMENT OPPORTUNITY COMM. MEMPHIS, TENN.]

EXHIBIT B

Laura Cox vs. Factory Connection LLC
Charge No. 490-2011-02466

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Laura Cox<br>401a S Main Street<br>Ripley, MS 38663 | From: | Memphis District Office<br>1407 Union Avenue<br>Suite 901<br>Memphis, TN 38104 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 490-2011-02466 | Mildred L. Cook,<br>Investigator | (901) 544-0100 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

Katharine W. Kores,
Director

SEP 2 8 2012

*(Date Mailed)*

cc: **Whitney K. Fogerty**
Attorney-at-Law
JACKSON LEWIS
999 Shady Grove Rd, Suite 110
Memphis, TN 38120

EXHIBIT C